UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBRA CATLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CV-193 |
| ) | (VARLAN/SHIRLEY) |
| ALLSTATE PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

This civil action is before the Court on the Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Order(s) [Doc. 12], filed by defendant Allstate Property & Casualty Insurance Company. *Pro se* plaintiff Debra Catlett has not responded to the motion and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.[1] For the reasons given herein, defendant's motion will be granted and this case will be dismissed.

In the motion, defendant asserts that plaintiff has repeatedly failed to comply with the orders of this Court and has failed to take any action to prosecute this matter. On October 16, 2009, the Court entered an order directing plaintiff to show cause in writing within twenty (20) days of entry of that order as to why this case should not be dismissed, pursuant

---

[1] Plaintiff was initially represented by counsel, however, on August 12, 2008, and again on August 29, 2008, counsel for plaintiff moved to withdraw from representing plaintiff [*see* Docs. 5, 6]. On September 5, 2008, the Court granted the motion to withdraw as counsel and permitted plaintiff a period of thirty (30) days in which to find new counsel or proceed *pro se* [Doc. 7]. Plaintiff has not informed the Court that she ever obtained new counsel.

to Federal Rule of Civil Procedure 41(b) [*see* Doc. 9]. Plaintiff did not respond. On November 2, 2009, this case was stayed pending resolution of plaintiff's Chapter 7 bankruptcy and plaintiff was directed to notify the Court within thirty (30) days of the resolution of plaintiff's bankruptcy case [*see* Doc. 11]. Neither the Court nor counsel for defendant has received any communication from plaintiff regarding her bankruptcy case. In addition, defendant submits to the Court that it has learned, through its own investigation and research, that plaintiff's bankruptcy case was discharged on April 6, 2010 [Doc. 12, ¶ 4].

Even taking into consideration plaintiff's *pro se* status, plaintiff has failed to inform the Court or counsel for defendant of the status of her case and of any intention plaintiff has to prosecute it. Further, the Court notes that plaintiff has been given ample time and opportunity in which to make known her intention to prosecute this case. Accordingly, the Court finds there to be a clear record of failure to comply with the Court's orders, as indicated by the time-line of events in this case, and a clear indication that plaintiff has failed to take any action to prosecute this matter. Dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) is therefore appropriate. Recognizing the policy favoring disposition of cases on their merits, however, the Court will enter this dismissal without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The . . . meaning of 'dismissal without prejudice' . . . is dismissal without barring the [plaintiff] from returning later, to the same court, with the same underlying claim.").

Accordingly, defendant's motion [Doc. 12] is hereby **GRANTED** and, pursuant to Federal Rule of Civil Procedure 41(b), this case will be **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to close this case. The Clerk is also **DIRECTED** to send plaintiff a copy of this order by standard, first class U.S. Mail, and by certified, return receipt requested, first class U.S. mail, at her last known address, being: 2159 Walnut Grove Road, Sevierville, TN 37876-2015.

    IT IS SO ORDERED.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE